SAGAINA and TUFAINA, Plaintiffs

v.

MAUGA MOIMOI and MAUGA TAUFAASAU, Defendants
and
SAVEA, Interpleader

No. 11-1908

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Fatumafuti" near Matu'u]

June 8, 1909

W. K. RIDDLE, Lieut., U.S.N., *President of Court;* J. L. DWYER, *Associate Member;* and TUFELE, *Associate Member*

DECISION

The land in controversy in this case forms the western headland of the harbor of Pago Pago and includes two small islets, lying close inshore, as well as the mainland contiguous thereto. The complaint was filed by Sagaina and Tufaina against Mauga Moimoi and Mauga Taufaasau but, at the opening of the trial in this cause, Savea of Ma-

tuu declared in open court that he also claimed the land and adversely to either the original complainants or the original defendants. The Court thereupon permitted Savea to intervene at that time, and he was by order of the Court made an interpleader in this case.

To elucidate the opinion of the Court as clearly as possible, the claim of Savea to this land will first be considered. Savea and a witness called on his behalf stated that the land in controversy belonged to and was in the possession of an ancestor of the present claimant some time in the dim past, but that it had been seized by Mauga Paniani "by right of might" and has been in the possession of the Mauga family from that time up to the present date; that no consideration was given for the transfer of this property to Mauga and further, but incidentally, that the land now held by Savea adjoins on its eastern boundary with the land Fatumafuti, now in controversy. This evidence was purely tradition. Neither Savea nor his witness, Samia, offered any testimony within their own knowledge corroborating the traditions of their family and, in the absence of such corroboration, this Court is constrained to follow the well-established usages of law which have guided the courts of the United States and of Great Britain for many years past, and this Court will presume a conveyance of the land from Savea in the manner customary in those unenlightened days in Samoa. Savea's claim is rejected upon the grounds that the laches of the Savea family for a long period of years in failing to assert their alleged rights against the Mauga family will bar them most effectively from securing the legal title and possession of the land at this late date.

The findings of the Court regarding Savea's alleged claim having been concluded, the controversy between Sagaina and Tufaina on the one side and the two Maugas on the other side remains to be decided, and in this connection

the testimony given on behalf of Savea has been most valuable in enabling the Court to establish the respective rights of these parties. Both Savea and Samia testified positively from facts within their own knowledge that the Mauga family, as far back as Mauga Paniani, held absolute control and possession of the land Fatumafuti and that the Savea family refrained from asserting their claims through fear of the wrath of the Mauga family.

Among the material facts admitted by all parties to this action, the building of various houses by members of the Mauga family on this land stands out prominently, likewise the cutting of lumber from the land for houses of the Mauga family in Pago Pago. The principal claim advanced by the complainants is that the property was secured in ancient days by the ancestors of the Sagaina family from Savea and a quit-claim was also secured from Fuimaono Tuiseuseu, but this claim is only supported by tradition— hearsay evidence—and, although it is circumstantial, the Court does not deem it sufficiently convincing to justify a rejection of Mauga's claim.

Sagaina also claims that Mauga Taufaasau, as a member of the family of which Sagaina is the "matai", has an interest in the land, but that Mauga Moimoi has no interest whatsoever in the land; but the evidence shows that while Mauga Taufaasau has been exercising control during recent years, to the exclusion of Mauga Moimoi, the predecessors of the present Maugas, i.e., Mauga Sai, Mauga Manuma and other Maugas were reputed to be the owners and actually did hold possession of the land and sent their dependents to live on the land as far back as the old man Leia, who first lived on the land as a dependent of the Mauga family.

The testimony of Suafoa also corroborates in a striking degree the testimony of Mauga to the effect that Mauga Taufaasau exercised supreme control of this land. Suafoa,

a disinterested witness, testified positively that he had been allowed to live upon the land by the authority of Mauga, and that he was subsequently ejected from the land by Mauga and, further and a fortiori, that Mauga had a perfect right to eject him.

Notwithstanding the fact that the Mauga family has established the fact that they have exercised control of this land, the Court must take into consideration the relationship existing between Mauga Taufaasau and the present Sagaina, differing widely from the relationship existing between Mauga and Suafoa. They are known as "Brothers" according to the Samoan custom, though their relationship is that of Uncle and Nephew. Prior to the time that Taufaasau assumed the title of Mauga, it is undeniable that he was closely connected with the Sagaina family, and more remotely with the family of Mauga, and at that time he cultivated the property in dispute. He claims at this time that he operated this property solely under the authority of the name of Mauga by virtue of his connection with that name, but the Court deems it far more probable that his interest in this land is derived from his relationship to Sagaina and through the name Sagaina to the name Mauga.

It is clear that the families of Mauga and Sagaina are practically one family. Prior to the commencement of this action Mauga Moimoi had little or nothing to do with this land, and the land was controlled jointly by Mauga Taufaasau and his "brother" (nephew) the present Sagaina. It is the conclusion of this Court that Sagaina stands in a far different position than do the various parties who were ejected from the land, and that Sagaina's interest is substantial enough to prevent him from being summarily ousted from the property in the manner in which Mauga sought to do, as shown by the complaint. Inasmuch as the Mauga family has shown the greater amount of use and cultivation of this land, the Court will decree them to be

183

the absolute owners of the land, on condition that they pay a reasonable sum to Sagaina and Tufaina for their interests.

Let a decree issue vesting the title to the land in controversy in the name of Mauga, subject, however, to the condition that the Maugas pay to Sagaina and Tufaina the sum of $100.00 and Sagaina and Tufaina will remain in possession of the land until this sum is paid in full.

The costs of this action are assessed at $125.00; $50.00 to be paid by Sagaina and Tufaina, $50.00 by Mauga Taufaasau and Mauga Moimoi, and $25.00 by Savea.